IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

June 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9603-CC-00079 |
| Appellee, | * | LAKE COUNTY |
| VS. | * | Hon. Joe G. Riley, Jr., Judge |
| JIMMY RAY ROBINSON, | * | (Possession of Cocaine |
| Appellant. | * | With Intent to Sell) |


For Appellant:

G. Stephen Davis
District Public Defender
208 North Mill Avenue
P.O. Box 742
Dyersburg, TN  38025-0742

For Appellee:

Charles W. Burson
Attorney General & Reporter

Susan Rosen
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

C. Phillip Bivens
District Attorney General
P.O. Drawer D
Dyersburg, TN  38024


OPINION FILED:_____


AFFIRMED


GARY R. WADE, JUDGE

## OPINION

The defendant, Jimmy Ray Robinson, was convicted of possession of cocaine with intent to sell. The trial court imposed a sentence of ten years to be served consecutively to prior sentences and fined the defendant $2,000.

In this appeal of right, the defendant claims that the evidence was insufficient and that the sentence was excessive. We find no error and affirm the judgment of the trial court.

At approximately 9:00 P.M., July 29, 1994, Officer Jackie Bargery, a Ridgely police officer, was on routine patrol with Officer David Jones. Officer Bargery recognized the defendant, who was walking along Bishop Street, and stopped to arrest him based upon a bench warrant issued by the city court. When the defendant was directed to empty his pockets, Officer Bargery observed the defendant drop several items to the ground. Upon inspection, the officer found four separate bags, two of which contained one "rock" and two of which contained two "rocks."

The defendant had no cash in his possession and the officers were unable to find either cigarette papers or a crack pipe in his possession. A narcotics-detecting canine found an antenna crack pipe some fifteen to twenty feet away from the defendant. Assistant Chief Glenn Floyd testified that the cocaine appeared to be packaged for purposes of sale. Each of the pieces tested positive for a controlled substance when subjected to a narcotics testing kit analysis.

A forensics chemist at the Tennessee Bureau of Investigation Crime Laboratory tested the substance confiscated from the defendant. She identified

2

each of the "rocks" as crack cocaine.

The defendant testified that he was searched before there was ever any mention of the bench warrant. The defendant claimed that he wore neither a shirt nor shoes and only had on sweat clothes with no pockets. He insisted that he first noticed the packages of cocaine when Officer Jones pointed to them on the ground. The defendant denied having the packages in his possession and claimed that Officer Bargery, based on a personal vendetta, was attempting to frame him.

Tennessee Code Annotated § 39-17-417(a)(4) provides that it is unlawful for one "to knowingly ... [p]ossess a controlled substance with intent to manufacture, deliver, or sell." If the amount is less than 0.5 gram, it is a Class C felony. Tenn. Code Ann. § 39-17-417(c)(2) (1996 Supp.). It may be inferred from the amount of the controlled substance, as well as other factors surrounding the arrest, that the drugs are possessed for the purpose of sale. Tenn. Code Ann. § 39-17-419.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). This court may not reevaluate the evidence or substitute its inferences for those drawn by the jury. Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). A conviction may be set aside only when the reviewing court finds the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable

3

doubt." Tenn. R. App. P. 13(e).

Here, officers testified that they observed the defendant drop four packages from his pocket during a routine search. The packages appeared to be packaged for sale. Thus, there were circumstances that warranted the inference that the possession was for the purpose of resale. While the circumstantial evidence of intended sale was not overwhelming in this case, the jury acted within its prerogative, in our view, when it determined that the defendant was guilty of possession of cocaine with the intent to sell.

The defendant, a Range II, multiple offender, was sentenced to ten years, the maximum possible, for the Class C felony. In this appeal, the defendant claims that he was entitled to the presumption of an alternative sentence such as probation, split confinement, or community corrections. He also argues that the length of the sentence was excessive.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of

4

sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn.1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;

5

> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." Taylor, 744 S.W.2d at 922.

Forty years of age, the defendant has been involved in a series of offenses since he was nineteen years old. At age nineteen, he committed a robbery and served a term in prison. His many other crimes, extending over a twenty-year period, included theft, larceny, violation of the check law, and sale of marijuana. A high school graduate, the defendant has taken some college courses and, while described by some employers as a dependable worker, he has had sporadic employment during his adult life.

As to the length of the sentence, the defendant qualified as a Range II offender. One can qualify as a Range II, or multiple offender, defined by Tenn. Code Ann. § 40-35-106(a)(1), when he has had between two and four prior felony convictions "within the conviction class, a higher class, or within the next two (2) lower felony classes...." The minimum sentence for the Range II offender who has committed a Class C felony is six years; the maximum is ten years. Tenn. Code

6

Ann. § 40-35-112(b)(3). The trial court found that the defendant had neither caused nor threatened serious bodily injury; that qualified as a mitigating factor. Tenn. Code Ann. § 40-35-113(1). There were two enhancement factors:

> (1)     that the defendant has a history of prior criminal conduct; and

> (2)     that the defendant has a history of unwillingness to comply with conditions of community release.

See Tenn. Code Ann. § 40-35-114(1), (8). The trial court is entitled to give greater or lesser weight to mitigating and enhancement factors. Here, the trial court attributed little weight to the mitigating factor and considerable weight to the enhancements. The prior criminal history of the defendant was lengthy, both in time and in the number of offenses. When the sentence has been administered within the statutory guidelines, the presumption of correctness prevails. See State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). We cannot find fault with the procedure utilized in this case.

Because the sentence was more than eight years, the defendant did not qualify for probation. Tenn. Code Ann. § 40-35-303(a). Moreover, his extensive prior history of criminal conduct suggests a lack of amenability for rehabilitation. Lack of candor, which was apparent to the trial court in this instance, may be a basis for the denial of probation. State v . Byrd, 861 S.W.2d 377 (Tenn. Crim. App. 1993). The trial court simply did not give any credence to the defendant's claims of being "framed." We cannot disagree with that assessment.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

7

_____

Joe B. Jones, Presiding Judge


_____

Curwood Witt, Judge

8