Jackie V. FARMER and Robert B. Miller, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 8, 1978.

Certiorari Denied by Supreme Court Nov. 6, 1978.

**50**

Thomas E. Cowan, Jr., Elizabethton, for appellants.

Brooks McLemore, Jr., Atty. Gen., Michael J. Passino, Asst. Atty. Gen., Nashville, David E. Crockett, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

WALKER, Judge.

Convicted of arson and sentenced to three to six years in the penitentiary, Jackie V. Farmer and Robert R. Miller seek reversal of their convictions in this court. We have carefully examined all their assignments of error and affirm.

■ We are first confronted with the failure of the record to show that an appeal was prayed and granted. In order to vest an appellate court with jurisdiction of a cause, the appeal must be both prayed and granted. We have searched the record to determine whether or not this may be considered as indirectly shown in accordance with the rule in *Gray v. State*, 207 Tenn. 39, 336 S.W.2d 22 (1960). A motion for an extension of time to amend the motion for a new trial indicates that present counsel were employed to represent Farmer and Miller in seeking a new trial and on appeal, if necessary. The trial transcript was being prepared at that time. Although no minute entry shows that an appeal was prayed and granted, we have considered the appeal as indirectly shown and considered all of the assignments of error. *State ex rel. Hathaway v. Henderson*, 1 Tenn.Cr.App. 168, 432 S.W.2d 503 (1968). *See also State for Use and Benefit of Lawrence County v. Hobbs*, 194 Tenn. 323, 250 S.W.2d 549 (1952).

The appellants contend that the record shows that they were tried by a Washington County jury rather than one in Johnson County where the crime was allegedly committed.

■ Although the minute entry shows the jury was from Washington County, the bill of exceptions clearly shows that the jurors were residents of Johnson County. Where there is a conflict between the minutes and the bill of exceptions, the bill of exceptions controls. *Headrick v. State*, 519 S.W.2d 403 (Tenn.Cr.App.1974). This assignment is meritless.

■ The appellants concede that the evidence established arson, but they argue that the circumstantial evidence is insufficient to support the verdict that they were the arsonists.

The Oasis Beverage Shop, about four miles from Mountain City, had been recently built and was complete except for installing the louvers. On February 22, 1976, Frank Price, the owner, had closed the business for the day and locked the doors and windows. At about 11:00 p. m., fire under the eaves and in the attic partly burned the building, doing damage of about $2500 before a neighbor could put it out. A plastic gallon Sealtest milk bottle that had contained gasoline and two bottle tops were found near the back wall. Sealtest milk is not distributed in Johnson County but is sold in Hampton (Carter County) where the appellants live, as well as in other communities they frequent. A substance found in

the debris in the attic was probably that of another plastic container. There was the smell of gasoline or a similar accelerant, both on the outside and inside of the building, at the point where the fire originated. The space for the louver to be installed was open and a bottle could have been thrown into the attic or gasoline could have been thrown there from the ground. Two expert witnesses examined the premises, including a hot spot and the debris, and were of the opinion that the fire was caused by arson.

A few minutes before the fire, Gary Baumgardner, from the nearby State Line Truck Stop, saw a man come from behind the beverage stop with a plaid coat over his head and get into the passenger side of a black Monza automobile. The two men then drove toward Mountain City. Miller was about the same size and of the same appearance as the man who came from behind the beverage store.

Baumgardner described to Officer Sowder the black Monza automobile and the man whom he had seen in the distinctive plaid jacket, and the officer began looking for the car and its occupants. In a short time a similar black Monza automobile returned to the scene and parked on the highway. Baumgardner recognized the car driven by Farmer and the jacket on Miller and notified Officer Sowder, who testified without objection that he told Officer Gambill to tell these men not to move. The appellants did leave, but they were apprehended about 200 yards down the highway. On Miller's plaid jacket there was the odor of gasoline and there were matches in his pocket. No gasoline odor was on Farmer. The car and the jacket matched Baumgardner's earlier description.

Farmer did not testify. In his testimony Miller denied being present earlier or having anything to do with the fire. He said that he had worked on Farmer's car at about 9:00 p. m. and it had squirted gasoline on him, and he had also gotten gasoline on his clothing from working on his own car. In explanation of their leaving the scene, he testified that the officer told them that they could not park there and to move.

He said they were on the way to North Carolina for him to get a truck for Farmer when they saw the fire and stopped.

From this evidence the jury was warranted in believing that Miller maliciously set fire to the beverage stop and that Farmer was aiding and abetting in the crime. The evidence does not preponderate against their verdict. The weight of circumstantial evidence is for the jury to determine. *Pruitt v. State*, 3 Tenn.Cr.App. 256, 460 S.W.2d 385 (1970). The rule for governing our review of the facts is the same whether the finding be based on direct or circumstantial evidence. *State v. Brown*, 551 S.W.2d 329 (Tenn.1977). The appellants have not met the burden of proving that the evidence preponderates against the verdict.

The appellants urge that the court erred in refusing to direct a verdict at the close of the state's proof. They failed to renew the motion at the close of all the proof, and further, the evidence did not warrant a directed verdict.

The appellants say the trial judge should have granted a mistrial due to the prejudicial attitude of a juror as shown by his communication with the assistant district attorney general about eliciting further testimony from a witness.

At the time for the assistant district attorney general to begin his argument to the jury, one of the jurors addressed a question to him about Officer Gambill's testimony and the assistant district attorney general asked the court's permission to recall the officer. The court had the juror repeat the question, which was to the effect that he did not think Officer Gambill was asked if he told the appellants to stay at the scene. The court called counsel to the bench for a conference, after which the assistant district attorney general returned to his argument, explaining briefly that he could not put on any further proof and asking that the jurors rely on their own recollection of the evidence. The juror had pointed out a weakness in the state's case and there was no prejudice to the appellants. The court

acted properly and there was no occasion for a mistrial.

The appellants say the assistant district attorney general engaged in improper argument, expressing his personal opinion that the appellants were guilty. The portion complained of was:

"(T)he reason he came back he wanted to see how good a job he had done burning that place down."

The appellants did not object to this part of the argument. Improper argument affords no ground for a new trial when no objection is made at the time of argument. *Anglin v. State*, 553 S.W.2d 616 (Tenn.Cr. App.1977). Further, we think the conclusion was supported by the evidence, was within the realm of advocacy and did not exceed the bounds of propriety. It did not affect the verdict. *See McCoy v. State*, 3 Tenn.Cr.App. 709, 466 S.W.2d 540 (1971).

Affirmed.

BYERS, J., and W. WAYNE OLIVER, Special Judge, concur.