# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 2000 Session

## STATE OF TENNESSEE v. DARRYL WEBB

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-08710     Joseph B. Dailey, Judge**

---

**No. W1999-01585-CCA-R3-CD - August 3, 2000**

---

The Defendant appeals from a jury trial conviction for aggravated burglary, a Class C felony. In this appeal, the Defendant alleges the evidence was not sufficient to support his conviction. Concluding that the evidence was sufficient, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which SMITH, J. and WITT, J., joined.

A. C. Wharton, Jr., District Public Defender, Garland Erguden, Assistant District Public Defender, Michael Johnson, Assistant District Public Defender for the appellant, Darryl Webb.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, William L. Gibbons, District Attorney General, Daniel S. Byer, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

The Defendant, Darryl Webb, appeals his Shelby County Criminal Court conviction for aggravated burglary, a Class C felony. See Tenn. Code Ann. § 39-14-403. After being convicted by a jury, the Defendant was sentenced as a Range III persistent offender to fourteen years in the Department of Correction. In this appeal, he alleges that the evidence was not sufficient to support his conviction. Following a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

In the light most favorable to the State, the evidence at trial revealed that on March 21, 1998, Merazine Williams, the next door neighbor of Andrew Ellis, called the police because she saw a light on in Ellis's bedroom and she knew that Ellis was not at home. Two police officers responded to the call and found the Defendant in Ellis's bedroom rummaging through an open drawer. After the Defendant was taken into custody, and after being advised of his constitutional rights, the Defendant

signed a written waiver of his rights and then gave a written statement in which he admitted that he did not know Ellis, did not have permission to be in Ellis's house, and "wanted to go in and see what [he] could get."

In the Defendant's sole issue, he challenges the sufficiency of the convicting evidence. Specifically, he challenges the sufficiency of the evidence demonstrating that he entered Ellis's house with the intent to steal. The Defendant testified that he entered the house to sit down, as he was tired from walking and from being up for three or four days doing drugs.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this Court should not reweigh or reevaluate the evidence. State v. Mathews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

In the case at bar, the Defendant argues that the evidence was not sufficient to prove that he entered Ellis's house with the intent to steal. To convict the Defendant, the State was required to prove that the Defendant did the following: (1) entered a habitation (or any portion therof), (2) with the intent to commit a theft, (3) without the effective consent of the owner, and (4) acted either intentionally, knowingly, or recklessly. Tenn. Code Ann. § 39-14-403.

The direct and circumstantial evidence presented during the Defendant's trial was clearly sufficient beyond a reasonable doubt to support the verdict of the jury. Intent may be inferred from the circumstances, and the circumstances in this case demonstrate the intent of the Defendant to commit a theft. The Defendant's own written statement given to police at the time of his arrest indicates that the Defendant "wanted to go in and see what [he] could get." His testimony at trial contradicting this statement of intent was clearly not deemed credible by the jury.

Based on the foregoing reasons, the judgment of the trial court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE