**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

July 17, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,             )
                                 )    **C.C.A. NO. 01C01-9801-CR-00034**

      Appellee,            )

                                 )    **DAVIDSON COUNTY**

VS.                           )    **(No. 94-D-1963 Below)**

                                 )    **The Hon. Seth Norman**

**JOHN GILBREATH,**           )

                                 )    **(Motion to Alter or Amend Judgment)**

      Appellant.          )    **REVERSED AND REMANDED**

## O R D E R

This cause came to be heard on the motion of the state to remand this case for a determination regarding whether the petitioner's conviction for aggravated assault in count ten of his indictment was the result of a clerical error. It appears from the record that the petitioner entered guilty pleas on March 16, 1995, to several offenses. The plea agreement and the transcript of the guilty plea hearing reflect that the petitioner pled guilty to aggravated robbery in count ten. In contrast, the judgment form indicates that the petitioner pled guilty to aggravated assault in count ten. However, the aggravated robbery statute is cited in the judgment form. Subsequently, on December 4, 1997, the petitioner filed a pro se Motion to Correct/Amendment Judgment in the trial court. The trial court's order denying the motion stated in part:

> The defendant has submitted a transcript that shows that the defendant pled to aggravated robbery. The judgment form as entered on the minutes, and the minute entry, show that the defendant pled to aggravated assault. The sentence imposed was 10 years. The defendant now seeks to alter the judgment.
>
> The Court is required to rely upon the minutes of the Court, not a transcript. A Court speaks through its minutes.

As pointed out by the state, when there is a conflict between the transcript and the court minutes, the transcript controls. See State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991) (citing State v. Zyla, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981) and Farmer v. State, 574 S.W.2d 49, 50 (Tenn. Crim. App. 1978)). Moreover, pursuant to Tenn. R. Crim. P. 36, "[c]lerical mistakes in judgments, orders, or other parts of the

record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

From a review of the record, it is clear that the judgment form merely reflects a clerical error. Accordingly, we find that the judgment form and the minutes of the trial court should be corrected to show that the petitioner pled guilty to aggravated robbery in count ten of the indictment.

IT IS, THEREFORE, ORDERED that this matter is remanded and the trial court shall correct the judgment form and the minutes to reflect that the petitioner pled guilty to aggravated robbery in count ten of the indictment. Costs are taxed to the state.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JERRY L. SMITH, JUDGE