IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

**February 4, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | HAMILTON COUNTY |
| | ) | E1999-01385-COA-R3-CV |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. DOUGLAS A. MEYER, |
| | ) | JUDGE |
| | ) | |
| MALE PIT BULL | ) | |
| DEWAYNE ROGERS | ) | |
| SHANIE ROGERS | ) | |
| BILLIE JEAN RITCHIE JONES | ) | |
| | ) | |
| Defendants-Appellants | ) | AFFIRMED AND REMANDED |

ARDENA J. GARTH, District Public Defender, and DONNA ROBINSON
MILLER, Assistant District Public Defender, OF CHATTANOOGA, FOR
APPELLANT BILLIE JEAN RITCHIE JONES

PAUL G. SUMMERS, Attorney General and Reporter, and MARK E.
DAVIDSON, Assistant Attorney General, OF NASHVILLE, FOR APPELLEE

O P I N I O N

Goddard, P.J.

This is an appeal from the Hamilton County Criminal Court's finding of criminal contempt against Dewayne Rogers, Shanie Rogers and Billie Jean Ritchie Jones. Mrs. Jones, Defendant-Appellant, raises the following issue, which we restate:

> Whether the Appellant was improperly convicted of criminal contempt solely on the basis of the uncorroborated testimony of an accomplice?

The proceedings in this case began when Assistant District Attorney General Lila Statom filed a petition to destroy a male pit bull, Zeb, belonging to Dewayne and Shanie Rogers. On October 6, 1998, Zeb and two other dogs attacked Joseph Neighbors, a 13-year old boy, causing serious injuries. Earlier, on August 18, 1997, Zeb had also bitten Claude Hill as he tried to stop Zeb from attacking his dog. After the Joseph Neighbors attack, the Humane Society impounded Zeb for observation. The Criminal Court ordered that Zeb be destroyed, but stayed the destruction for 10 days.

On November 5, 1998, destruction of Zeb was stayed pending disposition of a motion for new trial and an appeal if an appeal was taken. On November 11, 1998, the Criminal Court informed Assistant District Attorney General Statom that Zeb was missing from the Humane Society Pound. The Court ordered that a

capias be issued for Dewayne Rogers, Shanie Rogers and Billie Jean Ritchie Jones for interfering with the court's order to destroy Zeb.

At the contempt hearing, animal control officer Vernon Dove, Jr. of the Humane Society testified that he was the officer called to the scene of both incidents, the dog bite of Claude Hill and the dog attack of Joseph Neighbors. Mr. Dove testified that, on November 16, 1998, he saw Zeb in a pen at the right side of the house at 822 Pickett Gulf Road, which was occupied by Betty and Jeffrey Gass. Mr. Dove positively identified the dog as Zeb, the missing male pit bull. On November 17, 1998, Mr. Dove and his supervisor returned to 822 Pickett Gulf Road to impound the dog, but the dog was missing. Mr. Dove testified that Billie Jean Ritchie Jones visited Zeb at the Humane Society Pound. According to Mr. Dove's testimony, Mrs. Jones stated that she wanted to get the dog out, but the dog was under a court order not to be removed from the Humane Society Pound. Mr. Dove testified that persons wanting to visit a dog would be escorted to the dog's pen. The door leading to the pens remains locked. Mr. Dove escorted Mrs. Jones during her one visit.

Charlie Presley, assistant supervisor at the Humane Society, testified that the building where the pens are located was not secure on the morning of Zeb's disappearance. Humane Society officials called the Rogerses because the female pit bull, which had been impounded with Zeb for attacking Joseph Neighbors, was being taken to a vet for an illness. When the Rogerses arrived at the Humane Society, the door to the building lodging the dog pens was unlocked and the gate where Zeb was kept was unlocked. Mr. Presley testified that Mrs. Jones arrived at the Humane Society between 10:30 a.m. and 11 a.m, and the Rogerses arrived between 11 a.m. and 11:30 a.m. Mr. Presley discovered that Zeb was missing at 3 p.m. that afternoon. Since Zeb has been missing, Mr. Presley received a phone call from Mrs. Jones. On January 21, 1999, Mrs. Jones called the Humane Society and said that the dog was on Dayton Boulevard in front of the Bi-Lo around the car wash. Mr. Presley patrolled that area for two hours, but he did not see the dog.

As already noted, Betty Jo Skiles Gass lives at 822 Pickett Gulf Road. Mrs. Gass testified that she is the youngest sister of Billie Jean Ritchie Jones and Dewayne Rogers' aunt. Mrs. Gass testified that she saw Zeb in Mrs. Jones' trailer on a Wednesday in the middle of November. On the following Friday,

4

Mrs. Jones and her husband brought Zeb to Mrs. Gass' home so that Zeb could be held in a pen on the side of the home until Monday. Mrs. Gass testified that Mrs. Jones said she could not take Zeb outside because she lived next door to a sheriff. Mrs. Gass agreed to let Zeb stay in the pen. The following Monday, Mrs. Gass saw her husband let Zeb out of the pen and put Zeb in the back of his truck. Prior to Zeb being brought to her home, Mrs. Gass was told how Zeb was taken from the Humane Society. Mrs. Gass testified that Dewayne Rogers said he and Shanie Rogers drove behind the Humane Society and freed the dog by cutting wires with a knife.

On cross-examination, Mrs. Gass testified that she was charged with contempt along with Mrs. Jones and the Rogerses. Mrs. Gass testified that was in an agreement with Mrs. Jones to hide the dog and keep it from being destroyed. The Court stated that Mrs. Gass had been granted immunity to testify.

Jeffrey Gass, Betty Gass' husband, testified that he was reluctant about keeping Zeb at his home. Mr. Gass testified that on Monday morning he loaded Zeb in his truck, drove to a certain location and released Zeb. Mr. Gass testified that he did not report Zeb's location to the Humane Society because he

5

did not want the dog destroyed.  Mr. Gass admitted that he was offered immunity to testify.  Mr. Gass testified that he heard Dewayne Rogers admit that he and Shanie Rogers helped Zeb escape from the Humane Society.  Mr. Gass testified that he lied to the Humane Society when he told them that Zeb was Grady Moore's dog.

On this evidence, the Court found Dewayne Rogers, Shanie Rogers and Billie Jean Ritchie Jones guilty of criminal contempt for interfering with the Court's order.  Mrs. Jones filed a notice of appeal and a brief.  Dewayne and Shanie Rogers filed a notice of appeal, but no brief was filed on their behalf.  Accordingly, we will only address the issue raised by Mrs. Jones.

Mrs. Jones argues that the evidence was insufficient to support her criminal contempt conviction because she was convicted solely on the basis of uncorroborated accomplice testimony.  When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R.

6

App. P. 13(e).  This court should not reweigh or reevaluate the evidence.  <u>State v. Matthews</u>, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).  Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence.  <u>Farmer v. State</u>, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978).  On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence.  <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).

In Tennessee, a conviction may not be based upon the uncorroborated testimony of an accomplice.  <u>Monts v. State</u>, 214 Tenn. 171, 379 S.W.2d 34, 43 (1964).  Whether a witness' testimony has been sufficiently corroborated is a matter entrusted to the trier of fact.  The rule has been stated as follows:

> [T]here must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It

7

> is not necessary that the corroboration extend to every part of the accomplice's evidence. The corroboration need not be conclusive, but it is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence is slight and entitled, when standing alone, to but little consideration.

State v. Gaylor, 862 S.W.2d 546, 552 (Tenn. Crim. App.1992) (quoting Hawkins v. State, 469 S.W.2d 515, 520(Tenn. Crim. App. 1971)) (internal citations omitted).

The evidence presented at the contempt hearing, which was independent of the accomplices' testimonies, was the testimonies of the animal control officers, Mr. Dove and Mr. Presley. Mr. Dove testified that he saw Mrs. Jones visit Zeb shortly before Zeb disappeared. Mr. Dove testified that Mrs. Jones said she wanted to free the dog, but it was under court order to remain. Mr. Dove's testimony adequately connects Mrs. Jones to the disappearance of Zeb. Mr. Presley testified that he saw Zeb at the Gasses' home after Zeb was discovered missing from the Humane Society Pound. Mr. Presley's testimony corroborates the Gasses' testimonies that Mrs. Jones brought Zeb to their home. These independent observations support Mrs. Jones conviction for criminal contempt.

For the foregoing reasons the judgment of the Criminal Court is affirmed as to all parties and the cause remanded for

8

collection of costs below.  Costs of appeal are adjudged against Billie Ritchie Jones.

_____
Houston M. Goddard, P.J.

9

CONCUR:

_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.