# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 9, 2000 Session

## STATE OF TENNESSEE v. PRINCE TERRELL GLASS

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6713     Joseph H. Walker, Judge**

---

**No. W2000-00079-CCA-R3-CD - Filed October 25, 2000**

---

The defendant, Prince Terrell Glass, appeals from his conviction of possession with intent to deliver .5 grams or more of cocaine. He alleges the evidence of "intent to deliver" is insufficient to support his conviction and that he is guilty of no offense greater than simple possession. Upon review of the record, the briefs of the parties, and the applicable law, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Gary F. Antrican, District Public Defender, Julie Pillow, Assistant District Public Defender, for the Appellant, Prince Terrell Glass.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, Elizabeth T. Rice, District Attorney General, Tracy Brewer, Assistant District Attorney General.

## OPINION

Prince Terrell Glass appeals from his conviction of possession with intent to deliver .5 grams or more of cocaine, a Schedule II controlled substance. See Tenn. Code Ann. § 39-17-417(a)(4), (c)(1) (Supp. 1999). For this Class B felony, the trial court imposed an eight-year, split confinement sentence. Glass alleges in this appeal that the evidence of his "intent to deliver" is insufficient to support his conviction. Because we disagree, we affirm.

On November 4, 1998, officers from the Ripley Police Department and the Lauderdale County Sheriff's Department executed a search warrant at the defendant's residence. The warrant was issued following a confidential informant's earlier purchase of marijuana at the residence. Inside the home, the officers encountered the defendant, his brother and his mother. After Investigator Jeff Tutor of the police department read the warrant, he asked if anyone wanted to admit anything in order to expedite the search. The defendant responded that there was something in his

pants pocket in his bedroom. Two bags of a white substance were recovered from the pocket of a pair of pants in the defendant's bedroom. The white substance was later tested and determined to be 1.6 grams of cocaine hydrochloride. Cash in the amount of $257 was also recovered from the pants pocket. Plastic sandwich bags with the corners torn away were recovered from a trash can in the defendant's bedroom. No drugs were found elsewhere in the house, and no drug paraphernalia was recovered.

Investigator Tutor, who is assigned to work drug investigations, testified that drug sales are commonly made in $20 increments. All but $17 of the $257 recovered was in $20 bills. Tutor also testified that it was common to find plastic bags with the corners torn away in investigations of individuals who package drugs for delivery. Drugs are dropped into a bag, which is then twisted and tied off into an individual package for delivery. After the defendant was taken to the jail, he told Investigator Tutor that he was a drug user. Investigator Tutor testified that he believed, but was not certain, that the defendant's brother used drugs.

Investigator John Thompson of the sheriff's department, who was also present for the execution of the search warrant, testified that the plastic bags that were recovered are consistent with the way in which drugs are customarily packaged. Investigator Thompson also testified that if he gave an informant $20 to buy cocaine hydrochloride, he would expect to receive .25 grams.

On this evidence, the jury convicted the defendant of possession with intent to deliver .5 grams or more of cocaine. On appeal, the defendant argues that the evidence of his intent to deliver is insufficient.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990). On appeal, the defendant no longer enjoys the presumption of innocence and therefore has the burden of demonstrating that the evidence is insufficient to support the conviction. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn.1982).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well

as all reasonable and legitimate inferences which may be drawn from the evidence. <u>Cabbage</u>, 571 S.W.2d at 835.

A person who knowingly possesses with the intent to deliver .5 grams or more of any substance containing cocaine is guilty of a crime. Tenn. Code Ann. § 39-17-417(a)(4), (c)(1) (Supp. 1999). "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." Tenn. Code Ann. § 39-13-419 (1997).

In the present case, the defendant claims that the evidence does not support a finding of his guilt beyond a reasonable doubt because he told the officers that he was a drug user and because others lived in the house, one of whom was also a drug user. On the other hand, the state's evidence demonstrated that the defendant possessed 1.6 grams of cocaine, much more than the .25 grams typical of an individual drug sale. A confidential informant to law enforcement had recently made a purchase of another illicit substance at the defendant's residence. Several plastic bags torn in a manner consistent with the packaging of cocaine for resale were discovered in the defendant's bedroom. The pants pocket from which the cocaine was recovered also contained $257, almost all of which was in $20 bills, the same amount that is typical of the increments in which drug transactions take place. The cocaine and plastic bags were recovered from the defendant's bedroom, and no drugs were found elsewhere in the house. No drug paraphernalia, which might be used to ingest cocaine, was recovered from the defendant's home. A rational jury could determine from this evidence that the defendant was guilty of possession with intent to deliver. <u>See, e.g.</u>, <u>State v. Willie J. Wade</u>, No. 02C01-9709-CC-00359, slip op. at 4-5 (Tenn. Crim. App., Jackson, June 11, 1998) (possession with intent to deliver inferred from possession of 2.2 grams of cocaine, defendant's lack of gainful employment, and $337.44 cash, $180 of which was in $20 bills); <u>State v. Ronald Mitchell</u>, No. 02C01-9702-CC-00070, slip op. at 5, 11-12 (Tenn. Crim. App., Jackson, Sept. 15, 1997) (evidence of possession with intent to deliver sufficient where defendant had on his person 1.1 grams of cocaine, pager, and over $200 cash, even though defendant offered non-drug-related explanation for pager and cash), <u>perm. app. denied</u> (Tenn. 1998); <u>State v. Robert Lee Moore</u>, No. 02C01-9502-CC-00038, slip op. at 4-5(Tenn. Crim. App., Jackson, Oct. 4, 1995) (possession with intent to sell or deliver inferred from defendant's possession of $239, a beeper and a large, 7.9 gram rock of cocaine base), <u>perm. app. denied</u> (Tenn. 1996). It is beyond our province to second-guess the jury's assessment of witness credibility and weighing of the evidence.

As such, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE