IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. RICHARD BOKANPER

**Appeal from the Criminal Court for Shelby County**
**No. 00-03823    James C. Beasley, Jr., Judge**

———————————————

**No. W2002-00748-CCA-R3-CD  - Filed December 17, 2002**

———————————————

The defendant, Richard Bokanper,[1] appeals his Shelby County Criminal Court jury convictions of burglary and theft.  Following the guilty verdicts, the trial court sentenced the defendant as a career offender to an effective term of twelve years in the Department of Correction.  On appeal, the defendant challenges only the sufficiency of the convicting evidence.  Because the evidence insufficiently corroborates the inculpative testimony of an accomplice, we reverse the convictions and dismiss the charges.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Reversed and Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES, and ALAN E. GLENN, JJ., joined.

Mary K. Kent and Tony N. Brayton, Memphis, Tennessee, for the Appellant, Richard Bokanper.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

At trial, Paul Edwards testified that on October 4, 1999, he and his brother, Douglas Edwards, were socializing with the defendant at the home of Donna Rushing.  The defendant resided at Ms. Rushing's home and, on October 4, was babysitting Ms. Rushing's two small grandchildren. During the visit, the three men – and perhaps the two children – walked a short distance to Russwood Road, where they noticed the house and garage belonging to Scott Crump.  The men discussed entering the garage and stealing tools as a means of raising funds.

———————————————

[1]The defendant's surname is spelled in the record both as "Bokanper" and "Bokamper."  Because the former spelling is used in the indictment, we use that spelling.

The men returned to the Rushing house, where they and Ms. Rushing's grandchildren got into Ms. Rushing's white Cadillac. The defendant had the key and drove the car to the Crump property. He parked the Cadillac one house away from the Crump's garage, and Doug Edwards, who by the time of trial was deceased, left the car and went to the garage. He came back toward the car a few minutes later and yelled that he could not find any tools. Leaving the children in the car and the defendant behind the wheel with the motor running, Paul Edwards then accompanied Douglas Edwards to the garage, where Paul Edwards found tools in a low drawer in a tool chest. Paul Edwards took a jigsaw, and his brother gathered up an armload of tools. The men returned to the car and placed the tools on the rear floorboard.

Paul and Douglas Edwards got back into the car, and the defendant drove to a pawn shop. The defendant and Douglas Edwards took the tools inside while Paul Edwards remained in the car with the children. The defendant and Douglas Edwards returned with cash.

Paul Edwards admitted that he had pleaded guilty to the offenses of burglary and theft and had received a two-year sentence to be served on probation. His attorney testified on behalf of the state that the plea arrangement settled only the length of the sentences and did not embrace a provision for probation or for Paul Edwards' testimony against Richard Bokanper. The manner of service of Paul Edwards' effective sentence was submitted to the trial judge.

Donna Rushing testified for the state that, in October 1999, the defendant resided at her home and helped care for her grandchildren. She had seen the Edwards brothers there with the defendant on occasion. Although she seemed confused about the time frame in which the defendant was arrested for the Crump offenses, she testified that approximately two hours after she had heard that the defendant had been arrested, the police called her and asked about an "older model, white Cadillac." She testified that she owned the white Cadillac and that the defendant had driven it "on occasions" when he would take her grandchildren to the park or to the store.

Mazie Crump, the spouse of Scott Crump, testified that, on October 4, 1999, someone broke the lock on their garage, entered, and, without the Crumps' permission, took tools and a baby stroller.

The defense offered no proof. The jury convicted the defendant of burglary, a Class D felony, *see* Tenn. Code Ann. § 39-14-402 (1997), and theft of property valued at $500 or less, a Class A misdemeanor, *see id.* § 39-14-103, 105(1) (1997). On appeal, the defendant claims that the evidence is insufficient to support the convictions. In particular, he is aggrieved that the testimony of Paul Edwards, an accomplice, was not corroborated.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985). This rule applies to findings of

guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 8 (Tenn. 2000).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); *Farmer v. State*, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Cabbage*, 571 S.W.2d at 835.

A conviction in this state may not be based solely upon the uncorroborated testimony of an accomplice. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994). An accomplice is an individual who knowingly, voluntarily and with common intent participates with the principal offender in the commission of an offense. *State v. Lawson*, 794 S.W.2d 363, 369 (Tenn. Crim. App. 1990). Our supreme court has said,

> [T]here must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, *but also that the defendant is implicated in it*; and this independent corroborative testimony must also include *some fact establishing the defendant's identity*. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence.

*Bigbee*, 885 S.W.2d at 803 (citations omitted) (emphasis added); *see State v. Caldwell*, 977 S.W.2d 110, 116 (Tenn. Crim. App. 1997).

When the facts are undisputed regarding a witness's participation in the crime, whether he is an accomplice is a question of law for the trial court. *State v. Lewis*, 36 S.W.3d 88, 94 (Tenn. Crim. App. 2000). However, when the facts are disputed or susceptible to different inferences, it is a question for the jury. *Id.* The jury determines whether an accomplice's testimony has been sufficiently corroborated. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001).

In the present case, Paul Edwards was clearly an accomplice as a matter of law. We hold that his testimony was not adequately corroborated by non-accomplice evidence.

Donna Rushing testified that the defendant had access to her car and that he used it on occasion to transport her grandchildren, but she offered neither testimony that the defendant drove the car at the time of the Crump burglary nor that he was in control of the car when arrested. She testified merely that within a couple of hours of her hearing about the defendant's arrest, the police inquired about her white Cadillac. She testified to no linkage between the defendant and the Crump offenses which would lead to the inference that the defendant was involved in the offenses.

In this respect, the white Cadillac is a red herring. Assuming that Paul Edwards fabricated the story about the defendant being involved in the burglary, he could have just as easily fabricated the defendant's use of the Cadillac. A non-accomplice's testimony that the defendant had access to the same type of car that the accomplice described corroborates nothing except that the accomplice may have been familiar enough with the defendant's lifestyle to enable him to construct an apt fabrication. Although the evidence connected the defendant to Ms. Rushing's white Cadillac, no corroborating evidence put the defendant in the Cadillac at any time that inculpated him in the Crump offenses.

Thus, the testimony of the accomplice Paul Edwards was uncorroborated. *Cf. Mathis v. State*, 590 S.W.2d 449, 454-55 (Tenn. 1979); *Henley v. State*, 489 S.W.2d 53, 57 (Tenn. Crim. App. 1972). The convictions must be reversed. Because the lack of corroboration equates to insufficiency of the convicting evidence, the charges must be dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE