# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE, 1997 SESSION

FILED

October 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9609-CR-00351 |
| Appellee, | ) | |
| | ) | |
| vs. | ) | Hamblen County |
| | ) | |
| **RICKY LEE JARNAGIN,** | ) | Honorable James E. Beckner, Judge |
| | ) | |
| Appellant. | ) | |
| | ) | (Reckless Aggravated Assault) |

FOR THE APPELLANT:

CHARLES G. CURRIER
709 Market St.
Knoxville, TN 37902

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. BERKELEY BELL
District Attorney General
109 E. Main St., Ste. 501
Greenville, TN 37743

VICTOR VAUGHN
Assistant District Attorney General
520 Allison St.
Morristown, TN 37814

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

OPINION

The defendant, Ricky Lee Jarnagin[1], was convicted in a jury trial in the Hamblen County Criminal Court of reckless aggravated assault, a Class D felony.  As a Range I, standard offender, he received a four-year sentence in the Department of Correction and a one thousand dollar fine.  In this direct appeal,  the defendant challenges the sufficiency of the evidence and contends that he received an inappropriate sentence.

We affirm the judgment of the trial court.

The grand jury returned a two-count indictment against the defendant for intentionally and knowingly causing serious bodily injury to Bobby Joe Hayes (Count 1) and Edward Myers (Count 2).  Tenn. Code Ann. § 39-13-102(a)(1)(A).  The case arose out of an incident that occurred on July 2, 1995 in the parking lot of  the Eagle's Club[2] in which the defendant struck Bobby Hayes once and Edward Myers twice.  The defendant pleaded guilty to simple assault in the attack on Edward Myers, and the state dismissed Count 2 of the indictment prior to trial.  On March 12, 1996, the jury acquitted the defendant of aggravated assault as defined by Tennessee Code Annotated section 39-13-102(a)(1)(A) and found him guilty of reckless aggravated assault.  Tenn. Code Ann. § 39-13-102(a)(2)(A)(Supp. 1996).

According to testimony submitted at trial, the defendant arrived at the Eagle's Club during the evening of July 2.  As he was not a member of the

---

[1]    We note that the transcript of the proceedings and the defendant's brief shows his last name to be "Jarnigan."  The policy of this court is to use the name under which a defendant was indicted.  In this case, the indictment identifies the defendant as "Ricky Lee Jarnagin."

[2]    The Eagle's Club is a private social club located in Morristown, Tennessee.

private club, he rang the bell at the back door. A friend, who was a member, agreed "to sign him in" as a guest. Of the approximately 20 members in attendance that evening, some were shooting pool, others were drinking in the bar, and others were just socializing. Several members testified as to the events they observed during the course of the evening. Peggy Hayes, the victim's wife, observed the defendant going from table to table and talking loudly. She overheard him tell Eddie Myers that there was some guy there that he could "whoop." Other witnesses testified that the defendant asked them whether everyone in the place was scared or if they were just stuck up. Eddie Myers, who had worked with the defendant, had a friendly conversation with him. At some point, however, the bar manager became uneasy about the defendant's behavior, and the friend who had agreed to be responsible for the defendant as a guest decided to withdraw his signature. At the request of the manager, Eddie Myers told the defendant that he would have to leave and walked with him to the back door. As the defendant stepped out into the parking lot, Myers turned back to speak to someone, and when he turned around again, the defendant hit him twice in the face with his fist. Carol Cody reported hearing something hit the building, and when she opened the door, she saw the defendant hit Myers.

At least four or five other members came out into the parking lot. Cody testified that she pulled the defendant's hair and shoved him away from Myers. She said that the defendant slapped her, and, after exchanging some heated words, he turned to walk toward his car. Bobby Hayes, who sometimes served as bar manager, followed closely behind him. According to the state's witnesses, the defendant suddenly turned around and punched Hayes in the face. Hayes fell backwards striking his head hard against the pavement. The defendant jumped in his car and left the parking lot.

The defendant's statement to the police and his testimony at trial confirmed the fact that he was asked to leave the club and that Eddie Myers walked with him to the door. However, the defendant alleged that Myers had taken his arm and shoved him out the door. When he protested, they got into a scuffle in which he hit Myers two times. After his confrontation with Cody, she and the victim followed him to his car. They were walking very closely behind him. The defendant said that he was frightened because several club members had pursued him into the parking lot, and when someone slapped him on the side of the head, he turned and struck the person closest to him. He did not know Bobby Hayes and had never spoken to him.

Hayes was seriously injured. He was semi-conscious when he arrived at the local hospital. From there he was taken by helicopter to the trauma center at University of Tennessee Hospital in Knoxville. He suffered a fracture to the base of his skull, various abrasions and bruises to the soft-tissue of the brain, and fractured bones in his face. His condition was complicated by the fact that he had a steel plate in his skull from a previous injury although his doctor testified that the current injury was to a different area of the brain. His permanent injuries include a limited grip in his right hand, serious short term memory loss,[3] and a decreased ability to control his frustration and anger. He spent six weeks in the hospital and another month in a rehabilitation center. Medical expenses exceeded $150,000.

Based on this evidence, the jury acquitted the defendant of an intentional or knowing aggravated assault but found him guilty of reckless aggravated assault pursuant to Tennessee Code Annotated section 39-13-

---

[3] For example, he may not remember the doctor from one visit to the next.

4

102(a)(2)(A) and recommended a fine of one thousand dollars. The defendant now contends that the evidence does not establish beyond a reasonable doubt all the elements of the crime. We respectfully disagree.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is, whether after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 250, 253 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956), cert. denied 325 U.S. 845, 77 S.Ct. 39 (1956); Farmer v. State, 574 S.W. 2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

The appellant was tried and convicted by a jury. A guilty verdict from the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. State v. Williams, 657

S.W.2d 405, 410 (Tenn. 1983); State v. Hatchett, 560 S.W.2d 627, 639 (Tenn. 1978). Since a verdict of guilty removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of demonstrating why the evidence is insufficient, as a matter of law, to support the verdict. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A person commits an aggravated assault pursuant to Tennessee Code Annotated section 39-13-102(a)(2)(A) when he recklessly causes serious bodily injury to another. A person acts recklessly when the person is aware of a substantial and unjustifiable risk that a given result will occur but consciously disregards that risk. Tenn. Code Ann. § 39-11-302(c)(1990). The nature and degree of the risk must be such that its disregard constitutes "a gross deviation from the standard of care an ordinary person would recognize." Id.

In this instance, the record contains more than adequate evidence to support the defendant's conviction. The defendant, in plain view of several witnesses, swung around and hit the victim full force in the face with his fist. None of the witnesses saw the victim, who is twenty years older than the defendant, make any aggressive gestures or touch the defendant. The defendant did not know the victim and had never exchanged any words with him. Without question, the defendant acted recklessly by slamming his fist into the face of a man whom he did not know and who had done nothing more threatening than walk behind him in a parking lot.[4]

---

[4] Even if one credits the defendant's testimony that he was slapped on the side of the head, the defendant admitted that he did not know for certain who had hit him.

The defendant excuses his actions on the grounds that he was frightened by the five or six people who had come out of the club. He thought that they were "all going to come out on me," and, therefore, he was justified in attacking Mr. Hayes. The trial court instructed the jury on self-defense, and the jury rejected that defense. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 833, 835 (Tenn. 1978). The jury accredited the state's witnesses and disregarded the defendant's testimony. All factual conflicts have been resolved in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The defendant's action constitutes a "gross deviation" from the standards imposed by a civilized society.

As result of the defendant's reckless act, the victim spent weeks in the hospital and will never fully recover from his injuries. The defendant's reckless act caused serious bodily injury. Any rational juror could have found the elements of reckless aggravated assault beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e).

As his second issue, the defendant questions whether the trial court imposed the appropriate sentence. The defendant's brief in this respect is totally inadequate. It contains one paragraph on the sentencing issue and lacks any meaningful legal argument or citation to authorities. Issues which are not properly supported may be treated as waived. Tenn. R. Ct. Crim. App. 10(b). However, we chose to discuss briefly the defendant's single complaint.

When a defendant appeals a sentencing issue, the law requires this court to conduct a <u>de novo</u> review of the record. If the record affirmatively demonstrates that the trial court considered the sentencing principles and all relevant facts and circumstances, the review is conducted with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn.1991); <u>State v. Byrd</u>, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The defendant has the burden to show that his sentence is improper. <u>State v. Gregory</u>, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

The gist of defendant's complaint is that the trial judge incorrectly considered the misdemeanor conviction arising out of his attack on Eddie Myers, and that the trial judge placed inordinate weight on that conviction in arriving at the four-year sentence. The transcript of the sentencing hearing is not clear as to whether the trial judge actually considered the conviction in question in his sentencing decision. However, the record does show that when the trial judge made the reference to the weight, he was referring not to one conviction, but to the emphasis he was placing on the defendant's entire record which shows convictions for driving while impaired, striking a police officer, and assault and battery.[5] Even without the questioned conviction, the trial court was justified in placing great weight on the defendant's previous history of criminal convictions or criminal behavior. Tenn. Code Ann. § 40-35-114(1) (1990).

---

[5] In the trial court, the defendant did not dispute the accuracy of the record included in the presentence report. He contended only that some of the convictions were more than ten years old and should not be used to enhance his sentence. He has not raised this issue on appeal.

The defendant raises no objection to the other two enhancement factors or to the trial judge's denial of alternative sentencing. Therefore we do not address those issues in detail. We have carefully reviewed the record, the presentence report, and the transcript of the sentencing hearing. The trial court found that the evidence supported three enhancement factors: (1) that the defendant has a previous history of criminal convictions or criminal behavior beyond that necessary to establish the appropriate range; (8) that the defendant has a previous history of unwillingness to comply with conditions of release into the community; and (10) the defendant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114 (1),(8), (10) (1990). Although we find the applicability of enhancement factor 10 to be questionable in this case, we conclude that the defendant's proven propensity for violence, his inability to accept any responsibility for his actions, and his failure to complete successfully a previous probationary period are sufficient to justify a four-year sentence in the Department of Correction as a Range I offender.

We affirm the defendant's conviction for reckless aggravated assault and the sentence imposed by the trial court.

_____
CURWOOD WITT, Judge


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge