IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2019

**STATE OF TENNESSEE v. CLARENCE REED JULIAN**

**Appeal from the Criminal Court for Knox County**
**No. 114178   Steven Wayne Sword, Judge**

_____

**No. E2019-00074-CCA-R3-CD**

_____

Defendant, Clarence Reed Julian, pled guilty to criminal simulation in exchange for a sentence of two years as a Range II, multiple offender with the manner of service of the sentence to be determined after a sentencing hearing.  At the hearing, the trial court denied an alternative sentence, ordering Defendant to serve the sentence in incarceration. Defendant appeals.  After a review, we determine there is a clerical error in the judgment form.  The judgment form wrongly designates Defendant as a Range I, standard offender and the technical record indicates that Defendant, as a Range I offender, has already received the benefit of Determinate Release from the Department of Correction.  We remand for entry of a corrected judgment form, designating Defendant as a Range II, multiple offender, requiring Defendant to complete his sentence as such an offender. Otherwise, we affirm the trial court's denial of alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
and Remanded for Entry of Corrected Judgment**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael Cabage, Knoxville, Tennessee, for the appellant, Clarence Reed Julian.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Charme P. Allen, District Attorney General; and Randall Kilby, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was charged via information with criminal simulation on November 5, 2018, after Defendant passed a computer generated counterfeit check for $1791.23 at Smart Bank. Defendant waived his right to be tried on an indictment and/or presentment and ultimately pled guilty as charged. The State recommended a sentence of two years as a Range II, multiple offender and payment of $1791.23 in restitution to Smart Bank and left Defendant the ability to "[a]pply for probation." According to the trial court minutes from November 5, 2018, Defendant was sentenced to two years as a Range II, multiple offender.

On December 13, 2018, the trial court held a sentencing hearing to determine whether Defendant would receive an alternative sentence. Trial counsel acknowledged Defendant's lengthy criminal history and "Strong-r" score of "High" on his presentence report Risk and Needs Assessment indicating that Defendant would need to be placed on "[e]nhanced" probation if the trial court granted probation. Trial counsel also informed the trial court that Defendant had "an open [probation] violation out of Roane County."

The trial court determined that Defendant had a 25-year criminal history, with multiple violations of both probation and parole and several violent convictions. The trial court recalled that Defendant pled guilty to the E felony of criminal simulation and got the minimum sentence of two years as a Range II offender but noted that Defendant had "reached a point, . . . where even if [he committed] a property crime, [he was] a danger to society" and it was no longer "appropriate to keep [him] in the community." The trial court acknowledged the multiple attempts at probation and parole had failed and "nothing in the record indicates . . . that [Defendant is] a good candidate for probation or amenable to rehabilitation." The trial court denied probation and sentenced Defendant to serve his sentence in the Tennessee Department of Correction with credit for time served prior to sentencing. The trial court entered the judgment on December 13, 2018. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court did not "review" or "consider" the sentencing guidelines prior to fashioning Defendant's sentence. Instead, Defendant argues that the trial court "had already made up its mind before the hearing" and, as a result, abused its discretion. The State disagrees.

At the outset, we note that the judgment form indicates that Defendant was sentenced as a Range I, standard offender. This is in conflict with the court minutes and the transcript of the sentencing hearing, both of which indicate that Defendant was sentenced as a Range II, multiple offender. When there is a conflict between the judgment and the transcript of the trial court's statements, the transcript controls. *State v.*

*Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991) (citing *State v. Zyla*, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981); *Farmer v. State*, 574 S.W.2d 49, 50 (Tenn. Crim. App. 1978)); *see also State v. Brent Rowden*, No. M2012-01683-CCA-R3-CD, 2013 WL 4774131, at *12 (Tenn. Crim. App. Sept. 5, 2013). On remand, the trial court should correct this clerical error so that the judgment accurately reflects the sentence imposed by the trial court-a sentence of two years as a Range II, multiple offender.[1]

With regard to the denial of an alternative sentence we are mindful that when a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

A defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a). Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the

---

[1] Defendant filed the notice of appeal in January. After the notice of appeal was filed, on March 11, 2019, a "probation certificate" for "determinate release" from the Tennessee Department of Correction appears in the technical record. The document indicates that Defendant is "eligible to be released from Knox County Jail." The "expiration date" of the probationary sentence is listed as "08/27/2020." Indeed, from the jacket of the technical record it appears that Defendant is currently on determinate release. While this Court is not tasked with determining a defendant's release eligibility or overall length of sentence, we note that Defendant's original judgment listed a release eligibility of 30%. On remand for correction of the clerical error, Defendant's judgment will reflect a release eligibility of 35%. The Department of Correction is solely responsible for calculating a prisoner's release eligibility date and a defendant with a felony sentence of two years or less "shall have the remainder of their original sentence suspended upon reaching their release eligibility date. T.C.A. § 40-35-501(a)(3), (r). Release eligibility for a defendant sentenced as a Range II, multiple offender "shall occur after service of thirty-five percent (35%) of the actual sentence less sentence credits earned and retained by the defendant." T.C.A. § 40-35-501(d). Thus, it appears that Defendant may have some time left to serve on his sentence after the correction of the clerical error in the judgment form.

contrary. *See* T.C.A. § 40-35-102(6). In this case, Defendant was eligible, but not considered a favorable candidate for alternative sentencing because he was sentenced to ten years or less but was not an especially mitigated or standard offender.

Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations, which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See also* T.C.A. § 40-35-102(5); *State v. Zeolia*, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. T.C.A. § 40-35-102(5). Our supreme court has specifically held that the abuse of discretion standard, with a presumption of reasonableness, also applies to a review of a denial of alternative sentencing. *Caudle*, 388 S.W.3d at 278-79.

Here, the trial court recognized that Defendant was eligible for probation. The trial court commented on Defendant's "very long criminal history with multiple violations" including some "violent convictions" as well as Defendant's past failures at both probation and parole. Undeniably, the presentence report indicates that Defendant has at least twenty-four prior criminal convictions including theft, burglary, possession of drugs, resisting arrest, aggravated assault, child abuse, and driving under the influence from 1992 to the present offense. Moreover, the Risk and Needs Assessment indicated Defendant's classification as "high," and the recommendation from the Knox County Sheriff's Office Community Alternatives to Prison Program concluded that Defendant was "not appropriate" for placement in the program. The trial court determined that Defendant was a "danger to society" who had been repeatedly unable to complete an alternative sentence. As a result, the trial court deemed Defendant was not "amendable to rehabilitation [be]cause we've been trying this for 25 years and it hasn't worked." In

other words, the trial court denied an alternative sentence. The trial court followed the statutory sentence procedure, weighed the factors and principles, and placed its reason on the record. The trial court did not abuse its discretion. Defendant is not entitled to relief. However, because there is a clerical error on the judgment form, we remand for correction of the judgment form to reflect Defendant is a Range II, multiple offender.

## *Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed and remanded for entry of a corrected judgment form.

Furthermore, it appears Defendant's appellate counsel filed with this Court a motion to dismiss this appeal on August 28, 2019. Based on the conclusions reached herein and the failure of said motion to comply with Tennessee Court of Criminal Appeals Rule 11, the motion is denied.

_____
TIMOTHY L. EASTER, JUDGE