IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2003

## STATE OF TENNESSEE v. ABRON A. COLEMAN

**Appeal from the Criminal Court for Shelby County**
**No. 02-02464      Bernie Weinman, Judge**

---

**No. W2002-01785-CCA-R3-CD  - Filed April 7, 2003**

---

Aggrieved that his Shelby County jury conviction of aggravated robbery is not supported by sufficient evidence,  Abron A. Coleman,  the defendant, appeals.  Because we conclude that the evidence is sufficient, we affirm the conviction.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Karen Massey, Memphis, Tennessee (at trial) and Tony N. Brayton, Memphis, Tennessee (on appeal), for the Appellant, Abron A. Coleman.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jim Lammey, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Jerry Monroe, the lone clerk at the Millington Liquor Store on the morning of November 10, 2001, testified that a stocky, muscular, black male wearing a floral-print shirt and a white visor entered the store that morning, placed a pistol on Mr. Monroe's chest, and demanded money from the cash register.  Mr. Monroe, who testified that he feared for his life,  moved to the cash register to comply with the demand, but due to his military training, he watched the man carefully and tried to maintain eye contact.  After being in the store about a minute, the man exited through the front door and ran toward a neighboring motorcycle shop.  Mr. Monroe notified the Millington police, who promptly responded.  Mr. Monroe gave the officers a description of the robber and determined that the robber had stolen less than $500 from the store.  At trial, Mr. Monroe identified the defendant as the man who robbed the liquor store.

The police dusted for fingerprints in the store, but an officer testified that no identifiable prints were found.

The police retrieved the liquor store's surveillance tape. One of the investigating officers, after watching the tape a few times, believed that he knew the robber as "AC," the nickname of a man who drove a cream-colored, four-door Cadillac and who patronized an auto parts store where the officer worked a night job. The officer assembled an array of six photographs of individuals, including that of the defendant. Mr. Monroe testified that, when he viewed the photographic line-up about four days after the robbery, he selected the photograph of the defendant as the one depicting the robber. Also, Mr. Monroe identified the surveillance videotape and still photographs made from the videotape, all of which showed a black man in a white visor carrying out the robbery.

The owner of the motorcycle shop located on the property adjoining the liquor store, testified that on the morning of November 10, 2001, he saw a black man run across the front of his building, holding "a fan of money in his hand" as if he were counting it. The man ran in the direction of a trailer park, but when the shop owner went outside, he saw no sign of the man. A few moments after going outside, the shop owner heard tires squeal from the direction of the trailer park and saw a cream, older model Cadillac exiting the park. A large black man drove the car, but he was not the man who ran in front of the shop. The shop owner saw no one else in the Cadillac.

The Millington police officer who apprehended the defendant testified that the arrest was made at a motel as the defendant was exiting an old, yellow, four-door Cadillac.

The defendant did not testify and did not call any other witnesses to testify at trial.

In reviewing the sufficiency of the convicting evidence, we apply a familiar standard. When an accused challenges the sufficiency of the evidence, an appellate court inspects the evidentiary landscape, including its direct and circumstantial contours, from the vantage point most agreeable to the prosecution. The reviewing court then decides whether the evidence and the inferences that flow therefrom permit any rational factfinder to conclude beyond a reasonable doubt that the defendant is guilty of the charged crime. *See* Tenn. R. App. P. 13(e)*; Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985). This rule applies to findings of guilt based on direct evidence, as well as circumstantial evidence or a combination thereof. *See State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000). On appeal, a defendant no longer enjoys the presumption of innocence; consequently, he shoulders the burden of demonstrating that the evidence is legally insufficient to support the conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

In determining sufficiency of the evidence, the court does not replay and reweigh the evidence. *See State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Witness credibility, the weight and value of the evidence, and factual disputes are entrusted to the finder of

fact.  *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).  Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence.  *See Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); *Farmer v. State*, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978).  Rather, this court extends to the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences that may be drawn from the evidence.  *See Cabbage*, 571 S.W.2d at 835.

In the present case, the defendant challenges the sufficiency of the convicting evidence by assailing the accuracy of Mr. Monroe's identification through the pretrial photographic lineup.  We disagree that the defendant's claims of an inadequate or inaccurate identification expose an infirmity with the convicting evidence.

The jury heard evidence upon which any rational person could have found the defendant guilty beyond a reasonable doubt.  The defendant was free to theorize and argue – and did so in his closing argument – that Mr. Malone's identification was an inadequate basis for a conviction; however, the credibility of witnesses and the weight to be assigned to their testimony are matters for the jury to resolve.  Not only did the jury in this case resolve the factual issues in favor of the state, but we note that the record of Mr. Malone's testimony reveals an articulate witness who was a competent observer with ample opportunity during the robbery to assess the defendant's appearance.  All in all, the state presented a strong case against the defendant, and we may not disturb the guilty verdict by substituting findings or inferences that are different from those made by the triers of fact.

Accordingly, the conviction is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE