IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2005

## STATE OF TENNESSEE v. ROGER GENE DAVIS

**Appeal from the Criminal Court for Knox County**
**No. 78210     Ray L. Jenkins, Judge**

_____

**No. E2004-02673-CCA-R3-CD - Filed August 22, 2005**

_____

The defendant, Roger Gene Davis, stands convicted of aggravated assault and robbery, for which he was ordered to serve an effective six-year sentence. Aggrieved of his convictions and sentences, the defendant brings this instant appeal challenging the sufficiency of the evidence to support his convictions and the trial court's imposition of consecutive sentences. After reviewing the record, we affirm the judgments of the lower court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Roger Gene Davis.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Deborah Herron, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The victim was briefly married to the defendant from November 2002 until January 2003, when she filed for divorce. In March 2003, the victim and the defendant reconciled, and the defendant moved back into the victim's residence. On June 24, 2003, the victim asked the defendant to move out because he would not work and contribute to the household income. The defendant, who was angry, then began loading the victim's car with his belongings and made two trips to transport his belongings to his mother's house. During these two trips, the victim's daughter accompanied the defendant. On his third and final trip to his mother's house, the defendant forced the victim to accompany him, as well. During that trip, the defendant became increasingly more upset and drove erratically, intermittently swerving, speeding, and braking.

When the defendant, the victim, and her daughter arrived at the defendant's mother's house, the victim attempted to use the telephone to contact the police, but the defendant, who was standing behind her holding a pocket knife with a three- to four-inch blade, prevented her from doing so. At one point, the defendant lunged toward the victim, and her daughter stepped in front of the victim in order to protect her. The victim testified that the defendant's behavior terrified her. Still armed with the knife, the defendant persuaded the victim to give him $50. The defendant then drove the victim and her daughter to the victim's bank, where she withdrew the money and gave it to the defendant. The defendant then drove them to the victim's residence.

After they arrived at the victim's residence, the defendant asked the victim to return her wedding ring to him. The victim first refused to do so, but when the defendant became increasingly angry and began vandalizing her car, the victim became more fearful, and therefore she went inside her residence, located the ring, threw it outside, went back inside her residence, and locked the front door. The defendant continued to yell and threaten the victim while outside. After the defendant's mother persuaded him to leave, the victim located an operable telephone and called 911.[1]

Based on the foregoing evidence, the jury found the defendant guilty of aggravated assault and robbery.[2] The trial court conducted a sentencing hearing in which the court heard testimony from the victim, arguments by counsel, and a statement from the defendant. The court then ordered the defendant to serve three years for each conviction and ordered him to serve his sentences consecutively based on the court's findings that the defendant is a dangerous offender and has an extensive criminal record.

*Sufficiency of the Evidence*

The defendant contends that the evidence is insufficient to support his convictions for aggravated assault and robbery. Our consideration of that claim is grounded in legal bedrock. When an accused challenges the sufficiency of the evidence, an appellate court inspects the evidentiary landscape, including the direct and circumstantial contours, from the vantage point most agreeable to the prosecution. The reviewing court then decides whether the evidence and the inferences that flow therefrom permit any rational fact finder to conclude beyond a reasonable doubt that the defendant is guilty of the charged crime. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985); *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000).

---

[1] The victim testified that the defendant had destroyed her phones in previous fits of rage, but after the defendant left, she was able to locate and use a phone whose handset was broken but whose speaker-phone was still functioning.

[2] In count two of his indictment, the defendant was charged with aggravated robbery, and the jury found him guilty of the lesser included offense of robbery.

In determining sufficiency of the proof, the appellate court does not replay and reweigh the evidence. *See State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Witness credibility, the weight and value of the evidence, and factual disputes are entrusted to the finder of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); *Farmer v. State*, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). Simply stated, the reviewing court will not substitute its judgment for that of the trier of fact. Instead, the court extends to the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences that may be drawn from the evidence. *See Cabbage*, 571 S.W.2d at 835.

With these principles in mind we must determine whether the evidence in this record is sufficient to support the jury's verdicts. We begin with the definition of the conviction offenses. As alleged in the defendant's indictment, "A person commits aggravated assault who . . . [i]ntentionally or knowingly commits an assault as defined in § 39-13-101 and[] . . . [u]ses or displays a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(1)(B) (2003). Tennessee Code Annotated section 39-13-101 defines assault, in pertinent part, as "[i]ntentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury." *Id.* § 39-13-101(a)(2). Additionally, the Code defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." *Id.* § 39-13-401(a).

The defendant argues that there was insufficient evidence introduced at trial to support a finding that the victim *reasonably* feared imminent bodily injury. The defendant asserts that the victim could not have reasonably feared that the defendant would cause her bodily injury when he voluntarily moved his belongings out of her house and while the victim was in the presence of the defendant's mother. We disagree. Viewed in the light most favorable to the state, the evidence introduced at trial demonstrates that the defendant was extremely angry with and acting aggressively towards the victim. He insisted on the victim accompanying him to his mother's house and on driving the victim's car to his mother's house. En route, he drove erratically and dangerously in order to upset and terrify the victim. Armed with a pocket knife with a three- to four-inch blade, he vandalized the victim's vehicle and eventually lunged towards her with the knife, causing the victim's daughter to step in front of the victim to shield her from the defendant's armed advance. The victim testified that the defendant's behavior terrified her. We conclude that based on this evidence, a jury could have determined that the defendant displayed a deadly weapon, thereby placing the victim in reasonable fear of imminent bodily injury.

The defendant next asserts that the evidence is insufficient to support his robbery conviction. Specifically, the defendant asserts that the evidence does not demonstrate that the defendant, who was married to the victim at the time of the offense, had no proprietary interest in the $50 withdrawn from the victim's account or her wedding band. Moreover, the defendant argues that evidence does not support a finding that the defendant procured these items by placing the victim in fear. Viewed in the light most favorable to the state, the evidence introduced at trial demonstrates that the defendant drove the victim to her bank and while displaying his pocket knife, forced the victim to withdraw $50 from her account and give it to him. The defendant was not listed

as a co-owner of the victim's account. After returning to the victim's residence, the defendant again engaged in loud and threatening behavior including slashing the victim's car seats with his knife, and the defendant retreated into her house and threw the ring outside. Once inside her house, she was able to locate a telephone and contact the police. The victim testified that she complied with the defendant's request for $50 and the ring because she feared the defendant. Based on this evidence, a jury could have reasonably found the defendant guilty of robbery.

*Consecutive Sentencing*

The defendant argues that the trial court erroneously imposed consecutive sentences because the resulting sentence is not reasonably related to the severity of his offenses and because the facts of this case do not demonstrate that he is a general danger to the public. We begin our analysis by reviewing familiar rules for appellate review of sentencing terms. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances, and the burden of showing that the sentence is improper is upon the appellant. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id*. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The trial court must order concurrent service of multiple sentences unless it finds that a statutory basis for consecutive sentencing applies. *See* Tenn. Code Ann. § 40-35-115(b)-(d) (2003) (enumerating bases for consecutive sentencing and specifying concurrent sentencing as a baseline). The first basis used by the trial court was that the defendant is a dangerous offender "whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." *See id.* § 40-35-115(b)(4). The following facts support the trial court's finding that the defendant is a dangerous offender: The defendant drove in an erratic and dangerous manner while the victim and her daughter were passengers in the vehicle, and the defendant brandished a three- to four-inch pocket knife and lunged at the victim. Moreover, we conclude that the trial court correctly found that the defendant's criminal record is extensive, supporting another basis for imposing consecutive sentences. *See id.* § 40-35-115(b)(2). The defendant's criminal history includes convictions for attempted aggravated burglary, second degree burglary, two counts of reckless driving, public intoxication, casual exchange, assault, theft, resisting arrest, grand theft auto, and a probation violation. Finally, we note that the trial court sentenced the defendant to serve the minimum sentence within the applicable range for each conviction offense, three years. *See* Tenn. Code Ann. § 39-13-102(d)(1) (classifying aggravated assault as defined in § 39-13-102(a)(1) as a Class C felony); *id.* § 39-13-401(b) (defining robbery as a Class C felony); *id.* § 40-35-112(a)(3)

(defining the sentencing range for Range I Class C felonies as three to six years).[3] Because the trial court imposed the minimum sentence for each of the defendant's convictions, because the record reflects grounds for classifying the defendant as a dangerous offender, and because the defendant has an extensive criminal history, we conclude that the trial court's imposition of consecutive sentences, resulting in an effective six-year sentence, is reasonable.

In conclusion, finding no reversible error, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[3] We note that the record reflects that if the state had provided proper notice to the defendant, the state could have sought to have the defendant classified as a Range II offender.