# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 27, 2005 Session

## TERRY PENNY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 130199, 248876     Douglas A. Meyer, Judge**

---

### No. E2004-01735-CCA-R3-PC - Filed December 2, 2005

---

The petitioner, Terry Penny,[1] appeals the post-conviction court's denial of his motion for a corrected judgment and his petition for post-conviction relief arguing his 1976 judgment should be corrected pursuant to Tennessee Rule of Criminal Procedure 36 and his post-conviction petition was not time-barred by the statute of limitations.  Following our review, we affirm the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

C. Leland Davis and Bryan H. Hoss, Chattanooga, Tennessee, for the appellant, Terry Penny.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William H. Cox, III, District Attorney General; and Lila Statom, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In 1975, the petitioner was indicted by the Hamilton County Grand Jury for unlawfully and feloniously selling or delivering a Schedule IV controlled substance, Ethchlorvynol.  In 1976, according to the judgment, the petitioner pled guilty to an attempt to commit a felony and was sentenced to eleven months, twenty-nine days, suspended on payments of costs and good behavior

---

[1]Throughout his brief, the petitioner spells his name "Terry Penney."  However, on the indictment and judgment, it is spelled "Terry Penny."  We will use this second spelling.

for five years under parole supervision.[2]  On March 30, 2004, he filed a motion seeking to correct his 1976 judgment under Tennessee Rule of Criminal Procedure 36,[3] arguing that a clerical error had occurred and that the judgment should have reflected he pled guilty to a misdemeanor and not a felony.[4]  The petitioner, noting discrepancies between the judgment, the court minutes from the day of his plea, and his petition for probation,[5] asked the court to correct the judgment to reflect that he pled guilty to "selling a controlled substance," which he asserts was a misdemeanor.  On April 6, 2004, approximately one week later, he filed a petition for post-conviction relief, asserting that his 1976 "judgment and sentence are illegal and contrary to the laws of the State of Tennessee and United States Constitution in light of the incomplete record" and, in the alternative, that his "conviction is void and/or voidable due to the abridgment of [his] rights guaranteed by the Tennessee Constitution and the Constitution of the United States because he did not enter a knowing, voluntary and understanding plea to a felony offense."

In June 2004, the post-conviction court held a hearing on the motion to correct the judgment and the petition for post-conviction relief.  The court denied relief, finding no clerical error in the petitioner's judgment and that the post-conviction relief claims were untimely.  In addition, after considering if there were any grounds for a *sua sponte* issuance of a writ of habeas corpus based on the petitioner's claim that his judgment was illegal, the court concluded that neither the conviction nor sentence was illegal.  The petitioner appealed these rulings, and we will review the issues raised on appeal.

## ANALYSIS

### I.  Correction of Judgment

The petitioner contends the trial court erred in denying his motion, filed under Tennessee Rule of Criminal Procedure 36, to correct judgment to reflect a misdemeanor rather than a felony because, according to his argument, "the entire record including the judgment, courtroom minutes

---

[2]The petitioner originally pled guilty on May 19, 1976, but the execution of judgment was withheld pending his petition for a suspended sentence.  On June 28, 1976, his judgment was executed, with the court granting his petition for a suspended sentence.

[3]Rule 36 provides: "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."  Tenn. R. Crim. P. 36.

[4]This motion was filed after the petitioner was indicted in the United States District Court in Chattanooga on February 11, 2004, for two counts of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).  The predicate offense relied on by the federal government is the petitioner's 1976 conviction which was the subject of this appeal.

[5]The petitioner noted that while his judgment showed he pled guilty to "Attempt to Commit a [F]elony," the May 19, 1976, court minutes showed he pled guilty to "Selling a Controlled Substance" and his petition for a suspended sentence showed he pled guilty to "simple possession of marijuana."

from two different dates, the pleadings and the transcript are all inconsistent to ensure that the offense as contained on the judgment itself was in fact what the [petitioner] agreed to plead guilty to." The State contends that there is no error in the judgment and that the petitioner has no appeal of right under Tennessee Rule of Appellate Procedure 3.

We agree with the State that the petitioner does not have an appeal as of right from the denial of his motion to correct judgment due to clerical errors. Tennessee Rule of Appellate Procedure 3(b) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). The denial of a Rule 36 motion to correct a judgment for a clerical error is not covered by Rule 3 and, thus, the petitioner does not have an appeal as of right. Jonathan Malcolm Malone v. State, No. M2004-02826-CCA-R3-CO, 2005 WL 1330792, at *2 (Tenn. Crim. App. June 6, 2005); State v. Greg Smith, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *1 (Tenn. Crim. App. Feb. 18, 2004) (holding there is no appeal as of right for a trial court's denial of a motion for pretrial jail credits under Rule 3 and even if the "motion could be recast as a motion to correct the sentence, a trial court's order denying a motion to correct a sentence is generally not appealable as a matter of right").

Even accepting, *arguendo*, that the petitioner did have a right to appeal the trial court's denial of his Rule 36 motion, the records upon which he relies do not establish that he is entitled to relief. According to the judgment, the petitioner was charged with "FEL. SELLING A CONT. SUBSTANCE" and pled guilty on May 19, 1976, to "ATTEMPT TO COMMIT A FELONY." It also bears the following notation:

> 5/19/76 EXECUTION OF JUDGMENT WITHHELD
> 6/28/76 JUDGMENT ORDERED INTO EXECUTION - PET. FOR SUSPENDED SENTENCE SUSTAINED ON PAYMENT OF COSTS ON OR BEFORE 7/30/76 AND GOOD BEHAVIOR FOR FIVE YEARS UNDER PAROLE SUPERVISION

The May 19, 1976, court minutes state as follows:

130199      State v. Terry Penny - Fel. Selling Controlled Substance.

Came the Attorney General and the [petitioner] in person with his attorney . . . and this case came on for hearing before the [c]ourt without a jury on [the petitioner's] plea of guilty.

Upon [the petitioner's] plea and upon proof heard, it is adjudged by the [c]ourt that the [petitioner] is guilty of Selling a Controlled Substance, Schedule IV, and it is the judgment of the [c]ourt that the [petitioner] serve a term of 11 months and 29 days at the Hamilton County Penal Farm, and pay all costs. Execution will issue against the [petitioner] for the costs.

Execution of the judgment is further ordered withheld pending an investigation by the State Parole Office. [The petitioner] is allowed 10 days within which to file a Petition For Suspended Sentence to be heard on June 28, 1976. No bond allowed.

The June 28, 1976, court minutes, the day the petitioner's judgment was executed, state the following:

130199      State v. Terry Penny - Fel. Selling Controlled Substance

The above case came on for hearing on a Petition For Suspended Sentence heretofore filed by [trial counsel], and the [c]ourt, after hearing said petition, is of the opinion same is a proper case for the suspension of the sentence

Said petition is, therefore, sustained and the sentence hereby suspended upon payment of the costs on or before July 9, 1976, and further conditioned upon the [petitioner's] good behavior for a period of 5 years, under the supervision of the State Parole Office.

Finally, the petition for probation states: "That on the 19[th] day of May, 1976, the petitioner entered a plea of guilty of possession of marijuana, a misdemeanor, and was sentenced to the workhouse for a period of Eleven (11) months Twenty-Nine (29) days. The case was passed for an investigation by the probation officers."

Thus, according to the judgment, the petitioner pled guilty to an attempt to commit a felony; according to the minutes, he pled guilty to selling a Schedule IV controlled substance; and, according to his petition for probation, he pled guilty to misdemeanor possession of marijuana.

-4-

Rule 36 provides that "[c]lerical mistakes in judgments . . . may be corrected by the court at any time and after such notice, if any, as the court orders." Tenn. R. Crim. P. 36. This court has previously explained that before a trial court can correct a judgment for clerical errors

> "the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered."

Donald W. Rhea, Jr. v. State, No. M2003-01034-CCA-R3-CO, 2004 WL 343969, at *3 (Tenn. Crim. App. Feb. 24, 2004) (quoting State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)). Generally, if there is a discrepancy between the transcript of the sentencing hearing and the court minutes, the transcript prevails. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991) (citing State v. Zyla, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981); Farmer v. State, 574 S.W.2d 49, 50 (Tenn. Crim. App. 1978)). Here, however, there was no transcript made of the plea and sentencing proceedings,[6] and we are left to decide which prevails when there are discrepancies between the judgment (attempt to commit a felony), the court minutes (selling a Schedule IV controlled substance), and the petition for probation (possession of marijuana).

The petitioner urges us to accept the wording of his petition for probation as proof that he pled guilty to a misdemeanor and not a felony because, as he explains,

> [t]he most "reliable indicator" that a clerical error was made is the petition for probation which was signed by the [petitioner], signed by the [petitioner's] attorney, served on the District Attorney's office and verified under oath. Most notably, it is this petition in which the [trial court] states in the courtroom minutes from July 9, 1976 that was *sustained*. And there is nothing in the courtroom minutes that show that the District Attorney's office ever objected to the Petition.

The petition for probation is the only document that purports to show the petitioner pled guilty to a misdemeanor, while the other two court documents, the judgment and the minutes, both show he pled guilty to a felony.[7] Under these circumstances, we cannot agree with the petitioner's claim that his petition for probation, drafted by his trial counsel, is the "most 'reliable indicator'" that a clerical

---

[6]The petitioner attached to his post-conviction petition a notarized statement from the official court reporter for the Hamilton County Criminal Court - Division I, which said she had "listened to the official audiotapes for court proceedings held on May 19, 1976 and June 28, 1976, before [the trial judge], and ha[d] found that there was no recording made relating to the [petitioner's] case on either date."

[7]Although the petitioner originally claimed in his motion to correct the judgment that selling a controlled substance was a misdemeanor offense, in his appellate brief, he acknowledges that "[i]n 1976, selling a schedule IV controlled substance was a felony."

error in the judgment may have existed.  In addition, regardless of whether we decide the clerical error existed in either of the remaining two court documents, the judgment or the court minutes, the result is the same, the petitioner is a convicted felon.

In its order denying the petitioner relief, the post-conviction court concluded:

> Although the description of the conviction offense in the judgment disagrees with that in the court minutes and the petition for probation, unlike the minutes and the petition, the judgment is internally consistent, *i.e.*, the description of the conviction offense in the judgment is consistent with the sentence. *Compare* Tenn. Code Ann. § 39-603 (transferred, § 39 1 501, 1982, repealed 1989) (making an attempt to commit a felony punishable by imprisonment in the penitentiary for not more than five (5) years or in the workhouse for not more than one (1) year and by fine not more than five thousand dollars ($5,000)) *with* Tenn. Code Ann. § 52 1432(a), (b) (current 39 6 417(a), (b) (making sale of a schedule IV controlled substance a felony punishable by imprisonment in the penitentiary for two (2) to five (5) years and by fine not more than seven thousand dollars ($7,000.00) and possession of a controlled substance, with inapplicable exception, a misdemeanor). Although it is clear that the record contains one or more clerical errors, considering the internal consistency of the judgment and the lack of such consistency of other documents in the record as well as the absence of a transcript and therefore the absence of inconsistency between the judgment and the transcript, the [c]ourt finds that the judgment is not the location of the error(s).

We agree with the post-conviction court that, although a clerical error may exist, it does not occur in the judgment because it is the only document with internal consistency between the conviction charge and sentence.  As such, we conclude the petitioner would not be entitled to a correction of his judgment under Rule 36.

## II.  Post-Conviction Statute of Limitations

The petitioner seeks post-conviction relief for a judgment that was executed almost thirty years ago.  The post-conviction court dismissed the petition as being barred by the statute of limitations.  The original Post-Conviction Procedure Act of 1967, which was in effect at the time the petitioner was sentenced, did not include a statute of limitations for seeking relief, allowing a petition to be filed "at any time after [a petitioner] ha[d] exhausted his appellate remedies and before the sentence ha[d] expired or had been fully satisfied." Tenn. Code Ann. § 40-30-102 (1982) (repealed 1986). However, the 1986 Post-Conviction Act established a three-year statute of limitations:

> A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final

action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). "To ensure that the constitutional requirement of reasonable notice was observed, the Tennessee Supreme Court ruled that those whose convictions were final before the effective date of the act had three years from July 1, 1986 to file a post-conviction claim." Robert L. Smith, Jr. v. Judge Sterling Gray, No. 01C01- 9610-CR-00450, 1997 WL 672664, at *1 (Tenn. Crim. App. Oct. 30, 1997) (citing Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988), perm. to appeal denied (Tenn. Mar. 16, 1998). Thus, in the present matter, because the petitioner did not file an appeal, the statute of limitations for seeking post-conviction relief as to the petitioner's sentence began to run on July 1, 1986, and expired on July 1, 1989. The petition was filed on April 6, 2004, nearly fifteen years after the statute had run.

In 1995, the legislature enacted the current post-conviction relief act, effective May 10, 1995, which provides that post-conviction petitions are untimely unless they are filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a) (2003). Since the statute of limitations applicable to the petitioner's post-conviction claims had expired before the enactment of the 1995 Post-Conviction Procedure Act, that subsequent act did not give him additional time within which to file such claims. See Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997).

The current post-conviction relief act does contain the following statutory exceptions to the statute of limitations for: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). The petitioner argues that his post-conviction petition is not time-barred by the statute of limitations because, by his view, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), created a newly established constitutional right that permits him to file beyond the statute of limitations period. Specifically, he contends that under Blakely, the maximum sentence the trial judge could have imposed must have been based on facts admitted by the petitioner. He further asserts that because there is no record of his admitting to any facts, other than in his petition for probation where he admitted to committing a misdemeanor, "Blakely mandates that he can only be sentenced to a misdemeanor."

In considering the Blakely decision, our supreme court concluded that it did not announce a new rule of constitutional law. State v. Gomez, 163 S.W.3d 632, 650 (Tenn. 2005). More importantly for the purposes of this appeal, the Gomez court also noted that the post-conviction standard for determining whether a new rule of constitutional law requires retroactive application, as stated in Tennessee Code Annotated section 40-30-122, does not permit the retroactive application of Blakely in a post-conviction proceeding. Id. at 651 n.16. Blakely, therefore, does not create an exception to the operation of the statute of limitations in this case.

In addition, the petitioner argues the Due Process Clause under both the Tennessee and Unites States Constitutions bars strict application of the statute of limitations because he was never put on notice of the consequences of his guilty plea. While he correctly points out due process dictates that the statute of limitations for post-conviction relief should not be so strictly applied as to deny a person the opportunity to have a claim heard and determined at a meaningful time and in a meaningful manner, State v. McKnight, 51 S.W.3d 559 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992), we cannot conclude that due process tolls the statute of limitations in this case.

To review the alleged defects in the petitioner's plea of guilty, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242, 89 S. Ct. at 1711. Similarly, our Tennessee Supreme Court in Mackey required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. Pettus, 986 S.W.2d at 542. A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

The petitioner contends that his guilty plea violated both Boykin and Mackey[8] because "the record is entirely silent as to whether [he] understood his constitutional rights at the time of the pleas." Even accepting *arguendo* that this is true, the petitioner had ample time to contest his guilty plea for being unconstitutional within the statute of limitations period. As discussed above, he had until July 1, 1989, to file a post-conviction petition but failed to do so. In its order denying the petitioner post-conviction relief for being time barred, the post-conviction court concluded:

> The only explanation that the [petitioner] offers for his failure to present his post-conviction claims in a timely petition is that he did not have any reason to know that the conviction offense was a felony until his indictment by a federal grand jury in January 2004. Not only does the judgment indicate that the conviction offense was a felony, however, but the sentence, about which there is no disagreement, presupposes a felony conviction. Thus, regardless of the [petitioner's] actual belief regarding the conviction offense, he had reason to know, as of 28 June 1976 at the latest, that the conviction offense was a felony. Furthermore, if his guilty plea was involuntary or unintelligent because of omissions on the part of the trial court at the time of the plea, then he had reason to know that immediately.

---

[8]We note that Mackey was decided the year after the petitioner's guilty plea.

On appeal, the petitioner argues, among other things, that he waited to file for post-conviction relief because he "had no notice that his conviction was anything other than a misdemeanor." This argument is contradicted by the fact that the judgment clearly reflects that he pled guilty to a felony. Indeed, the petitioner gives no explanation as to why the judgment, alone, did not give him notice that he pled guilty to a felony. The record supports the finding of the post-conviction court in this regard.

### III. Habeas Corpus

Finally, we address the post-conviction court's consideration of a *sua sponte* issuance of writ of habeas corpus. The State argues that the petitioner is not eligible for habeas corpus relief under the recent Tennessee Supreme Court decision, Hickman v. State, 153 S.W.3d 16 (Tenn. 2004).

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. Hickman, 153 S.W.3d at 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. Id. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Id. at 20 (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. Id. Even if the petitioner does not apply for a writ of habeas corpus, Tennessee Code Annotated section 29-21-104 requires:

> Whenever any court or judge, authorized to grant this writ, has evidence, from a judicial proceeding, that any person within the jurisdiction of such court or officer is illegally imprisoned or restrained of liberty, it is the duty of such court or judge to issue, or cause to be issued, the writ as aforementioned, although no application be made therefor.

Tenn. Code Ann. § 29-21-104 (2000); Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds by Moody v. State, 160 S.W.3d 512, 515-16 (Tenn. 2005).

The post-conviction court correctly noted that the petitioner's claim that his 1976 judgment was illegal is "in essence, a claim for the writ of habeas corpus" and the court considered it as such. See Cox, 53 S.W.3d at 292 (noting that "the better method of challenging illegal or void sentences is via an application for a writ of habeas corpus"). Although he did not file a petition, any habeas corpus petition that the petitioner may have filed would have had to assert that he was "illegally restrained of liberty" by his 1976 judgment. Tenn. Code. Ann. § 29-21-107(b)(1) (2003). We find the petitioner is not currently being restrained of his liberty under the 1976 judgment and, thus, is not entitled to habeas corpus relief.

In <u>Hickman</u>, 153 S.W.3d at 19, our supreme court dealt with a set of facts very similar to those of the present appeal. The defendant in <u>Hickman</u>, facing a sentence enhancement in federal court based on an expired 1986 misdemeanor judgment, sought habeas corpus relief in 2002, challenging the validity of the expired judgment. Affirming the trial court's dismissal of the habeas corpus petition, the court explained

> that a person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

<u>Id.</u> at 23 (footnote omitted). Here, the petitioner has not, and cannot, claim that he is presently being confined under the 1976 judgment. Instead, he is confined because he is awaiting trial on a federal indictment, for which the 1976 judgment is only a predicate offense. As such, we find that the petitioner is not entitled to habeas corpus relief because he is not being "restrained of liberty" by his 1976 conviction.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the order of the post-conviction court.

_____
ALAN E. GLENN, JUDGE